IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WHITLEY PRICE                                                               PLAINTIFF

v.                                              CIVIL ACTION NO. 3:20-CV-00253-GHD-RP

AJINOMOTO FOODS
NORTH AMERICA, INC.                                                         DEFENDANT

### OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Presently before the Court in this employment dispute is the Defendant's Motion to Dismiss [4] pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Upon due consideration and as set forth below, the Court finds that the motion should be granted in part and denied in part.

**I.   Factual and Procedural Background**

The Plaintiff was employed by the Defendant to work on the Defendant's production line in Oakland, Mississippi. [Complaint, Doc. No. 1, at 2]. While at work on June 29, 2020, the Plaintiff became ill; the next day, she tested positive for COVID-19 and was placed on medical leave. [*Id.* at 2-3]. After quarantining for 14 days, the Plaintiff tested negative for COVID-19 on July 14, 2020. [*Id.* at 3]. That same day, the Plaintiff informed the Defendant of the negative COVID-19 test result and sought to return to work. [*Id.*]. The Plaintiff avers that the Defendant refused to reinstate her and stated that the Plaintiff's employment had been terminated and that she had been replaced. [*Id.*].

The Plaintiff then filed her Complaint [1] in this matter on August 31, 2020. In her Complaint, the Plaintiff asserts claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No.

116-127, 134 Stat. 178 (2020), and various state law causes of action, including negligent hiring, training, supervising, and retention, and negligent and intentional infliction of emotional distress [1]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant now moves to dismiss all of the Plaintiff's claims other than those asserted under the FMLA.

## II.  Standard for Rule 12(b)(6) Dismissal

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks

omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

### III. Analysis

First, the Court considers the Plaintiff's FFCRA claim. The FFCRA, which was enacted into law in March of 2020 in response to COVID-19, requires covered employers to permit employees to take up to two weeks of medical leave due to a COVID-19 diagnosis or quarantine. Pub. L. No. 116-127, 134 Stat. 178 (2020). Further, the FFCRA prohibits employers from discharging or discriminating against employees who take leave under the FFCRA. *Id.*

In the case *sub judice*, the Plaintiff specifically avers that the Defendant is a "covered employer" under the FFCRA, and that the Plaintiff took leave under the Act and her employment was then terminated in violation of the Act. The Defendant argues that the Plaintiff's FFCRA claims should be dismissed because the Plaintiff has not sufficiently specifically pled or proven that the Defendant is a covered employer under the Act. The Court finds, however, given the Plaintiff's allegations in the Complaint, and considering only those allegations at this stage and viewing them in the light most favorable to the Plaintiff as the Court must under Rule 12(b)(6), the Plaintiff has sufficiently pled a viable claim under the FFCRA. See, e.g., *Briscoe v. Jefferson Cty.*, 500 Fed. Appx. 274, 278 n.15 (5th Cir. 2012); *Myers v. Central Florida Investments, Inc.*,

3

No. 6:04-CV-1542, 2015 WL 9167171, at *2 (M.D. Fla. 2005) (denying defendant's motion to dismiss and holding that averment in complaint that defendant was "covered employer" under subject statute fulfilled requirement of notice pleading under Rule 8(a) of Federal Rules of Civil Procedure). The Defendant's motion to dismiss the Plaintiff's claims related to the FFCRA shall therefore be denied at this juncture.

As for the Plaintiff's state law claims, the Court finds that the claims for negligent hiring, training, supervision, and retention, as well as the Plaintiff's claim for negligent infliction of emotional distress, are clearly barred as a matter of law by Mississippi's workers' compensation statute, Miss. Code Ann. §§ 71-3-1, -9. In Mississippi, proof of an intentional tort is required to circumvent the exclusive remedies available under the workers' compensation law; allegations sounding in negligence are inadequate to avoid the exclusivity provision and are barred. See, e.g., *Crawford v. Bannum Place of Tupelo*, 556 Fed. Appx. 279, 287-88 (5th Cir. 2014) (terminated employee's claim against employer for negligent infliction of emotion distress barred by exclusivity provision of Mississippi Workers' Compensation Act); *Davis v. River Region Health Systems*, 903 F. Supp. 2d 424, 431-32 (S.D. Miss. 2012). Accordingly, the Court finds that the Plaintiff's claims that sound in negligence are barred and the Defendant's motion to dismiss these claims shall be granted.

As for the Plaintiff's state law claim for intentional infliction of emotional distress, while it is axiomatic that such a claim "will not lie for mere employment disputes," the Court finds that, at this stage of the proceedings, the Plaintiff has stated a plausible claim for relief. The Plaintiff avers in her Complaint that the Defendant instructed the Plaintiff to take medical leave, approved the leave, and then intentionally retaliated against her and refused to reinstate her for taking medical leave related to COVID-19, even backdating the date of termination to the day after the

4

Plaintiff tested positive for COVID-19. [Doc. 1, at 2-4]. The Court finds that, at this juncture, the Plaintiff has therefore stated a plausible claim to relief for intentional infliction of emotional distress. The Defendant's motion to dismiss this claim shall therefore be denied.

In sum, the Court finds that the Defendant's motion to dismiss shall be granted as to the Plaintiff's claims for negligent hiring, training, supervision, and retention, and as to the Plaintiff's claim for negligent infliction of emotional distress. The remainder of the Defendant's motion shall be denied, and the Plaintiff's claims under the FFCRA and for intentional infliction of emotional distress shall proceed. The Defendant's motion did not seek dismissal of the Plaintiff's claims under the FMLA; those claims shall therefore also proceed.

## IV. Conclusion

For the above-stated reasons, the Court finds that the Defendant's motion to dismiss [4] shall be granted in part and denied in part. The motion shall be granted as to the Plaintiff's state law claims for negligent hiring, supervision, training, and retention, and as to the Plaintiff's claim for negligent infliction of emotional distress, and those claims shall be dismissed. The Defendant's motion shall be denied in all other respects.

An order in accordance with this opinion shall issue this day.

THIS, the 5th day of August, 2021.

*[signature]*
SENIOR U.S. DISTRICT JUDGE

5