IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WHITLEY PRICE                                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:20-CV-00253-GHD-RP

AJINOMOTO FOODS
NORTH AMERICA, INC.                                                                           DEFENDANT

OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court in this employment dispute is the Defendant's Motion for Summary Judgment [48] pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon due consideration and as set forth below, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

### I.    Factual and Procedural Background

The Plaintiff was employed by the Defendant to work on the Defendant's production line in Oakland, Mississippi, beginning in January 2011. [Complaint, Doc. No. 1, at 2]. While at work on June 29, 2020, the Plaintiff became ill with COVID-like symptoms, including shortness of breath; after then remaining at work until the end of her shift, the Plaintiff tested positive for COVID-19 the next day. [*Id*. at 2-3]. The Defendant investigated the circumstances surrounding the fact that the Plaintiff remained at work after she felt ill; the Defendant then terminated the Plaintiff's employment on July 1, 2020, for violating the Defendant's April 29, 2020, rule requiring employees to leave work if they begin to feel ill at any time during their work shift in order to prevent the potential spread of COVID-19 to other employees [48-2, p. 6].[1]

---

[1]    The Defendant, on June 29, 2020, was under the impression that the Plaintiff had left work that day after feeling ill; the Plaintiff's shift supervisor indisputably sent an email that evening to the facility's General Manager and Human Resources Manager stating that the Plaintiff "just left, didn't feel good." [48-3, at p. 5]. After investigating the matter, the Defendant learned that the Plaintiff had not in fact left work that evening, a fact which the Plaintiff

The Plaintiff then filed her Complaint [1] in this matter on August 31, 2020. The Plaintiff asserts claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*., the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (2020), and under state law for intentional infliction of emotional distress [1, 47]. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant now moves for summary judgment as to the Plaintiff's remaining claims.

## II.  Summary Judgment Standard

The Court grants summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for the motion and identifying those portions of the record the moving party believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*,

---

does not dispute [48-2]. As a result of the Plaintiff remaining at work, eight other employees were required to quarantine and the Defendant was forced to temporarily suspend production for two days in the area where the Plaintiff worked [48-2].

268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis

First, the Court considers the Plaintiff's FFCRA claims. The FFCRA, which was enacted into law in March of 2020 in response to COVID-19, requires covered employers to permit employees to take up to two weeks of medical leave due to a COVID-19 diagnosis or quarantine. Pub. L. No. 116-127, 134 Stat. 178 (2020). Further, the FFCRA prohibits employers from discharging or discriminating against employees who take leave under the FFCRA. *Id*.

Under the FFCRA, a "covered employer," and thus one subject to the Act, is defined as one that employs fewer than 500 employees. 29 U.S.C. § 2620(a)(1)(B); PL 116-127, 134 Stat 178 (2020), at § 5110 (2)(B); *ESI/Employee Solutions, L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 739 n.19 (E.D. Tex. 2020). The Defendant has submitted undisputed evidence that it employs over 2,000 employees [48-2]. Thus, the provisions of the FFCRA do not apply to the Defendant, and the Court finds that the Defendant is not a covered employer under the Act. The portion of the Defendant's motion seeking to dismiss the Plaintiff's claims under the FFCRA is therefore granted and those claims are dismissed.

As for the Plaintiff's FMLA claims, it is axiomatic that in order to state a claim for interference, a plaintiff must show that she is an "eligible employee" under the Act; similarly, in

3

order to state a claim for retaliation, a plaintiff must show that she engaged in protected activity under the FMLA and was then discharged from employment. *Tatum v. Southern Co. Servs. Inc.*, 930 F.3d 709, 713 (5th Cir. 2019). Here, the Defendant terminated the Plaintiff's employment on July 7, 2020, effective July 1, 2020, due to the Plaintiff's violation of the Defendant's work rules during her shift on June 29, 2020 [48-2, p. 8]. On that date, as noted above, the Plaintiff remained at work despite feeling ill with COVID-like symptoms; indeed, she tested positive for COVID-19 a day later.

The Plaintiff made no attempt to invoke the FMLA until *after* her employment was terminated. Specifically, after leaving work at the end of her shift on June 29, 2020, the Plaintiff called the guard shack at the Defendant's facility the next day and simply relayed that she did not feel well and would not be reporting for work that day [Plaintiff's deposition, Doc. 48-1, at p. 39]. A Human Resources assistant at the facility then called the Plaintiff to confirm that the Plaintiff was not reporting to work that day – during that call, no mention was made of the FMLA nor did the Plaintiff request to take any time off from work [*Id.*, at pp. 40-41]. Later that same day, the Plaintiff tested positive for COVID-19; she then called the Defendant's Human Resources Department and reported the positive test result; during that call, no mention was made regarding the Plaintiff taking leave under the FMLA [*Id.*, at pp. 42-43]. The Plaintiff then had no further substantive contact with the company until she received a certified letter on July 9, 2020, informing her of her July 1, 2020, termination from employment for violation of work rules [*Id.*, at pp. 44-48]. The Plaintiff then on July 10, 2020, the next day after having been notified of the termination of her employment, attempted to make a request to take leave under the FMLA via the Defendant's third-party leave administrator [*Id.*, at p. 55].

Given these undisputed facts, the Court finds that the Plaintiff was not an "eligible

4

employee" under the FMLA when she attempted to apply for FMLA benefits on July 10, 2020.[2] Her employment with the Defendant ended on July 1, 2020, and she was aware that it had ended on July 9, 2020, when she both received a certified letter to that effect and she spoke with the Defendant's representatives regarding the letter and the termination of her employment [*Id*., at pp. 44-49]. Accordingly, the Court finds that the Plaintiff was not an "eligible employee" under the FMLA at the time she requested FMLA leave on July 10, 2020. *See* 29 C.F.R. § 825.110(a)(3) (an "eligible employee" under the FMLA is one who "is employed at a worksite . . ."). The Court therefore finds that no genuine issue of material fact exists as to the Plaintiff's claim for FMLA interference, and the Defendant is entitled to judgment as a matter of law as to this claim.

For largely the same reasons, the Court finds that the Defendant is entitled to summary judgment as to the Plaintiff's claim for retaliation under the FMLA. As noted above, in order to state a *prima facie* claim for retaliation, the Plaintiff must show that she engaged in conduct protected by the FMLA. *Tatum*, 930 F.3d at 713. Because the Plaintiff did not attempt to apply for FMLA leave until after the date her employment was terminated, she did not engage in any FMLA-protected activity and she cannot show a causal link between any protected activity and her discharge from employment. *Grubb v. Southwest Airlines*, 296 Fed.Appx. 383 (5th Cir. 2008) (holding that a "proper termination precludes entitlement to leave" under the FMLA). In addition, the Plaintiff has presented no evidence indicating that a genuine issue of material fact exists regarding the reason for her termination – there is no evidence that the Plaintiff's employment was

---

[2] The Plaintiff was familiar with the Defendant's procedures for requesting leave under the FMLA – she had previously requested and been granted FMLA leave in January 2019 [48-1, at p. 53]. Further, it is axiomatic that "an employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave . . ." under the FMLA. 29 C.F.R. § 825.302(d); *Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 843 (5th Cir. 2007). Here, in any event, the Plaintiff did not attempt to request FMLA leave until after her employment had ended.

terminated due to her positive COVID-19 diagnosis or for any other impermissible reason.[3] Accordingly, the Court finds that no genuine issue of material fact exists as to the Plaintiff's claim for FMLA retaliation and the Defendant is entitled to judgment as a matter of law on this claim.

Finally, as for the Plaintiff's state law claim for intentional infliction of emotional distress, it is axiomatic that such a claim "will not lie for mere employment disputes," that "meeting the requisite elements of [such a] claim is a tall order in Mississippi," and that "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Haun v. Ideal Industries, Inc.*, 81 F.3d 541, 548 (5th Cir. 1996); *Johnson v. Merrell Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33 (5th Cir. 1992); *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993). It is further well-established that "a termination in itself is not extreme and outrageous . . ." *Iturralde v. Shaw Group, Inc.*, 512 Fed.Appx. 430, 435 (5th Cir. 2013). Here, the Plaintiff has submitted no evidence demonstrating that a genuine issue of material fact exists that could demonstrate that any claimed conduct of the Defendant could rise to the required level to maintain this claim. The undisputed facts are that once the plant manager was informed that the Plaintiff had violated the facility's COVID-19 policy by remaining at work after feeling ill with COVID-like symptoms, the plant manager directed that an investigation into the circumstances be conducted, and then he decided to terminate the Plaintiff's employment once the facts were gathered – the Court finds that the Plaintiff has failed to submit any evidence that the Defendant's conduct was outrageous or extreme in any way given the undisputed facts.

---

[3]  Indeed, the undisputed evidence shows that while over 100 employees at the Defendant's facility contracted COVID-19, only four of those, including the Plaintiff, had their employment terminated for various reasons prior to their return to work [52-1, at pp. 77-81]. In any event, there is no genuine issue of material fact regarding the fact that the Plaintiff did not engage in any conduct protected by the FMLA, which is an element of a *prima facie* case of retaliation.

Accordingly, the Court finds that no genuine issue of material fact exists as to this claim and the Defendant is entitled to judgment as a matter of law.

In sum, the Court finds that the Defendant's motion for summary judgment shall be granted.[4] The Defendant is not a covered employer under the FFCRA; the Plaintiff was not an eligible employee under the FMLA when she attempted to apply for FMLA benefits on July 10, 2020; the Plaintiff did not engage in conduct protected by the FMLA; and the Plaintiff has failed to demonstrate the existence of a genuine issue of material fact regarding her state law claim for intentional infliction of emotional distress.

### IV. Conclusion

For the above-stated reasons, the Court finds that the Defendant's motion for summary judgment [48] shall be granted and the Plaintiff's remaining claims dismissed. The Plaintiff's competing motion for partial summary judgment [50] shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the __1st__ day of November, 2021.

                                                SENIOR U.S. DISTRICT JUDGE

---

[4] For the same aforementioned reasons that the Court has granted the Defendant's motion for summary judgment, the Court finds that the Plaintiff's opposing motion for partial summary judgment as to the Plaintiff's claim for FMLA interference [50], shall be denied.